Matter of the Petition of ROBERT D. KOHN, a Taxpayer Residing in the Borough of Manhattan, City of New York, for an Order Enjoining JOHN WAGENER, Respondent, from Trafficking in Liquors Contrary to the Provisions of the Liquor Tax Law, Impleaded with HERBERT S. SISSON, State Commissioner of Excise.

(Supreme Court, New York Special Term, May, 1917.)

Injunctions — when court may grant — evidence — Liquor Tax Law, § 28.

> Under the provision of section 28 of the Liquor Tax Law that the court upon the hearing of an application to enjoin the trafficking in liquors contrary to the statute shall take the proofs of the parties and, if deemed necessary or proper, may "take testimony in relation to the allegations of the petition," the court, if satisfied that it can fairly decide the issues upon the proofs of the parties other than testimony, is authorized to summarily grant the injunction.

APPLICATION by a taxpayer to enjoin the respondent from trafficking in liquors contrary to the provisions of the Liquor Tax Law.

Cadwalader, Wickersham & Taft, (George W. Wickersham and Cornelius W. Wickersham, of counsel), for petitioner.

Breed, Abbott & Morgan (George W. Morgan and Edward A. Craighill, Jr., of counsel), for respondent.

GIEGERICH, J. This is a proceeding brought upon the petition of a taxpayer for an order enjoining the

respondent from trafficking in liquors contrary to the provisions of the Liquor Tax Law. The first question presented, and the only question that need be passed upon at the present time, is the practice to be followed on such an application. Both sides in their arguments proceed upon the theory that the practice is governed by the provisions of section 28 of the Liquor Tax Law. That section contains the following: "On the day specified in such order, the justice, judge or court before whom the same is returnable shall hear the proofs of the parties, and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition. If the justice, judge or court is satisfied that such person has unlawfully trafficked in liquor without having obtained a liquor tax certificate, as provided by this chapter, or contrary to the provisions of this chapter, an order shall be granted enjoining such person from thereafter trafficking in liquor, contrary to the provisions of this chapter, or without obtaining a liquor tax certificate." On behalf of the respondent it is insisted that on the return day above mentioned all that is necessary for him to do is to present an answer putting in issue the material allegations of the petition, and that upon the issues so framed testimony shall be taken, and that the court should not attempt to dispose of the matter upon affidavits merely, but should afford the petitioner an opportunity to cross-examine the witnesses upon such issues. In support of this contention the respondent's counsel calls attention to the fact that it is contrary to the established practice to issue final injunction orders upon affidavits. It is true that such is the established practice, and it is also true that the injunction provided for in this statute is essentially a final injunction; but whether it was wise or not for the legislature, in this instance, to depart

from the established practice with respect to the issuance of such injunctions is not a question for the court to consider. The fact is, however, that there does not seem to have been more than a provisional departure. It is only in the event that the court is satisfied that it can fairly decide the issues upon the proofs of the parties, other than testimony that it is authorized to make such summary decision. If it is not so satisfied, or if for any reason it deems it necessary or proper to take testimony, then it follows that course. In this respect, the practice prescribed by this statute, and it must be borne in mind that the proceeding is purely a statutory one, is similar to the familiar and long established practice in aid of a motion where the court may, if it finds itself unable to determine the motion upon the affidavits and other written evidence submitted, resort to testimony to clear up any doubt it may have on any question of fact. Code Civ. Pro., § 1015. I think it quite clear that such is the procedure contemplated by this statute. In the first instance, upon the return day the parties on either side should submit their written proofs and, if upon any other reason the court deems it necessary or proper that testimony shall be taken, then such a direction is to be given. Let the respondent, therefore, within five days after the publication of this memorandum, serve upon the petitioner's attorneys such affidavits as he may be advised, either in rebuttal of the allegations and proofs of the petitioner, or in support of his own allegations, and within three days thereafter let all papers, including replying affidavits on behalf of the petitioner, if any, be handed in to the clerk, with additional memoranda, if counsel desires to submit any. The papers received by me have been returned to the clerk.

Ordered accordingly.